IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA BLUBAUGH<br>679 Grand Valley Drive<br>Howard, Ohio, 43028 | ) ) ) | CASE NO: |
| | ) | JUDGE: |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| BEHAVIORAL HEALTHCARE<br>PARTNERS OF CENTRAL OHIO, INC.<br>c/o Stat. Agent, Kathryn St. James<br>65 Messimer Drive<br>Newark, Ohio, 43055 | ) ) ) ) ) ) ) | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO MINIMUM FAIR WAGES STANDARDS ACT** |
| -and- | ) ) | (Jury Demand Endorsed) |
| TAMMY WALTERS<br>839 Southridge Dr,<br>Mount Vernon, Ohio, 43050 | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Amanda Blubaugh, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

**PARTIES.**

1. Blubaugh is an individual residing in Knox county, Ohio.

2. Behavioral Healthcare Partners of Central Ohio, Inc. ("BHP") is a domestic non-profit corporation with its principal place of business located in Licking county, Ohio.

3. During all times material to this Complaint, BHP was Blubaugh's "employer" within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d); Section34a, Article II, of the Ohio Constitution; and the Ohio Minimum Fair Wages Standards Act ("OMWFSA").

4. Walters is, and, at all times hereinafter mentioned, was a supervisor and/or manager of BHP who acted directly or indirectly in the interest of BHP.

5. At all times relevant herein, Walters supervised and/or controlled Blubaugh's employment with BHP.

6. At all times relevant herein, Walters acted directly or indirectly in the interest of BHP in relation to its employees.

7. At all times referenced herein, Walters supervised and/or controlled employment of Blubaugh and acted directly or indirectly in the interest of BHP in relation to BHP's employees, including controlling its day to day operations and respective compensation practices; therefore, Walters is an employer within the meaning of Ohio R.C. § 4112.01(A)(3); Article II, Section 34a of the Ohio Constitution; the Ohio Minimum Fair Wages Standards Act ("OMFWSA"); and the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 203(d).

## PERSONAL JURISDICTION.

8. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

9. Blubaugh performed work in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

10. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

11. This Court has jurisdiction over the subject matter of this action under the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Blubaugh's state law claims because those claims derive from a common nucleus of operative facts.

13. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and all of the wrongs herein alleged occurred in this District.

## COVERAGE.

14. At all times referenced herein, BHP formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(s)(1)(A)(ii), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

15. At all times relevant to this Complaint, Blubaugh was subject to "individual coverage" under the FLSA because she was engaged in commerce between the states on behalf of Defendants and/or travelled on interstate channels when she performed her primary job duties.

## FACTUAL ALLEGATIONS.

16. BHP is healthcare organization that provides integrated mental health and addiction treatment services for youth, adults and families.

17. Blubaugh is a former employee of Defendants.

18. Blubaugh first began working for Defendant on or about February 19, 2018 as an ACT Coordinator.

19. Blubaugh's job duties included conducting home and community visits with BHP clients.

20. At all times referenced herein, Blubaugh was paid on an hourly basis.

21. Throughout Blubaugh's employment, she was regularly scheduled to work from 7:30am to 4:00pm, for a total of 42.5 hours per week.

22. Throughout Blubaugh's employment, Walters often required Blubaugh to work through her lunch even though she had clocked out.

23. Walters would interact with Blubaugh regarding work matters even when Walters knew that Blubaugh was supposed to be taking a lunch break.

24. Walters routinely interrupted Blubaugh's lunch break.

25. On one or more occasions, Blubaugh raised the issue of not clocking out for lunch to Walters if she was going to need to work through her lunch ("Lunch Question").

26. Walters responded to Blubaugh's Lunch Question by disingenuously encouraging Blubaugh to take her lunch break.

27. Walters responded to Blubaugh's Lunch Question by reminding Blubaugh that BHP had a policy prohibiting employees to work overtime without preapproval.

28. Walters' reminder to Blubaugh that she could not report overtime hours without preapproval served as a tacit threat to Blubaugh not to report the time she worked through lunch breaks.

29. Throughout Blubaugh's employment, she would be contacted by Walters after her shift to discuss BHP clients.

30. Blubaugh would spend half an hour to an hour per week "off the clock" discussing topics related to the business of BHP with Walters.

31. Blubaugh did not have the option of ignoring Walters or waiting until she was clocked in to respond to Walters.

32. As a direct participant in "off the clock" conversations with Blubaugh, Walters knew that Blubaugh was performing work outside her normally scheduled hours of work.

33. As a result of Walters' prior statements to Blubaugh not to work overtime without prior approval, Blubaugh was afraid to report the time she spent discussing BHP with Walters outside her normal hours of work on her timesheets.

34. As a result of Defendants' failure to include time spent by Blubaugh performing "off the clock" work, Blubaugh was routinely underpaid by two to four hours per week.

35. As a result of Defendants' failure to include time spent by Blubaugh performing "off the clock" work, Blubaugh was not paid overtime at a rate of one and one-half time her regular rate of pay for all hours worked in excess of forty (40) hours per week.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
## (29 U.S.C. § 207).

36. Blubaugh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for all work performed in excess of 40 hours in a work week.

38. Blubaugh was not exempt from the right to receive overtime pay under the FLSA.

39. Blubaugh received overtime pay when Defendants "approved" her to work overtime.

40. Blubaugh is entitled to be paid overtime compensation for all overtime hours she worked, not just those hours that were "approved."

41. At all times relevant to this action, Defendants Willfully failed and refused to pay Blubaugh overtime wages (of time and one-half of at least the applicable Ohio minimum wage) for all hours worked, as required by the FLSA, in amounts to be proven at trial.

42. Defendants either recklessly failed to investigate whether their failure to pay Blubaugh an overtime wage (of time and one-half of at least the applicable Ohio minimum wage) for all of the overtime hours worked during the relevant time period violated the Federal Wage Laws of

the United States, they intentionally misled Blubaugh to believe that Defendants were not required to her all overtime wages due, and/or Defendants concocted a scheme pursuant to which they deprived Blubaugh of the full amount of overtime pay she earned.

43. As a result of Defendants' failure to properly compensate Blubaugh at a rate not less than 1.5 times the regular rate of pay for all work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

44. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. Blubaugh is entitled to damages in the amount of her unpaid overtime compensation dating back three years from the filing of this action, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including her attorneys' fees and costs.

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq.***

46. Blubaugh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. *See* O.R.C. §§ 4111.01, *et seq*.

48. Defendants violated the OMFWSA with respect to Blubaugh by failing to pay Blubaugh overtime compensation for any hours she worked over forty (40) in a week.

49. As a direct and proximate result of Defendants' unlawful conduct, Blubaugh has suffered and will continue to suffer a loss of income and other damages.

50. Having violated the OMFWSA, Defendants are liable to Blubaugh pursuant to O.R.C. § 4111.10 for the full amount of her unpaid overtime and for costs and reasonable attorneys' fees.

### COUNT III:  VIOLATION OF THE OHIO PROMPT PAYMENT ACT, R.C. § 4113.51.
### (Asserted Against BHP Only)

51. Blubaugh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. The Ohio Prompt Pay Act ("OPPA") required BHP to pay Blubaugh all wages, including unpaid overtime, on or before the first day of each month, for wages earned by Blubaugh during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by Blubaugh during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

53. Blubaugh was not paid all overtime wages due within thirty (30) days of her performing the work that entitled her to overtime. *See* O.R.C. §4113.15(B).

54. Blubaugh's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

55. Blubaugh has been harmed and continues to be harmed by BHP's acts and/or omissions as described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michelle Blubaugh requests judgment against all Defendants and for an Order:

(a) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq.;

(b) Issuing a declaratory judgment that Defendant violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a), and the OMWFSA, R.C. § 4111.08;

(c) Awarding Plaintiff unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(d) Awarding Plaintiff all remedies provided for by the OPPA, including interest and/or $200.00, whichever is greater;

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Michelle Blubaugh*

## JURY DEMAND

Plaintiff Michelle Blubaugh demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**